# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVIN RONNEL ROSS,<br><br>    Plaintiff,<br><br>    v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:08-cv-00241-AWI-WMW PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |

**Findings and Recommendations Following Screening of Complaint**

### I. Screening Requirement

Plaintiff Alvin Ronnel Ross ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on February 19, 2008.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Plaintiff's Claims**

    **A.     Summary of Complaint**

Plaintiff is currently serving a Life Without Parole (LWOP) sentence for a first degree murder conviction on October 15, 1979. Plaintiff alleges that he was deprived of hearings before the Board of Prison Terms resulting in violations of his rights under the Fourteenth Amendment. Plaintiff also alleges that the laws repealing his right to hearings before the Board of Prison Terms constituted unconstitutional ex post facto laws under Article I, Section 10 of the United States Constitution.

Plaintiff names George Deukmejian (former governor), Pete Wilson (former governor), Gray Davis (former governor), Arnold Schwarzenegger (current governor), John W. Gillis (former Board of Prison Terms Chairman), Ted Rich (former Board of Prison Terms Chairman), Dave Hepburn (former Board of Prison Terms Chairman), James Davis (Board of Prison Terms Chairman), Edward Alemedia (former CDC Director), Jeanne Woodford (former CDC Director), James E. Tilton (CDCR Secretary), Wanda E. Sims (Appeals Coordinator, Board of Prison Terms), Peter Siggins (Legal Affairs Secretary, Governor's Office), Tami Bogert (Deputy Legal Affairs Secretary, Governor's Office), N. Dow (Legal Assistant, Governor's Office), David McAuley (Chief of Investigations, Board of Prison Terms), John Phillips (District Attorney, Stockton, CA), and Darral G. Adams (Warden, CSP-Corcoran) as defendants.

At the time Plaintiff was incarcerated, 15 Cal. Code Reg. § 2817 (repealed in 12/20/1993)

required the Board of Prison Terms to hold a hearing twelve years after Plaintiff was sentenced to make recommendations regarding reprieves, pardons, and commutations of sentence. Such hearings were to occur again every three years thereafter. Plaintiff received his first such hearing on December 16, 1991 and was scheduled for a second hearing on or around December 16, 1994. However, future hearings never occurred due to the repeal of the law providing for them. Plaintiff alleges that because the law at the time he was incarcerated provided for the hearings before the Board of Prison Terms every three years, the repeal of this statute is an unconstitutional ex post facto law, a deprivation of a fundamental right in violation of the Fourteenth Amendment's Due Process Clause, and a violation of the Equal Protection Clause of the Fourteenth Amendment.

Plaintiff also appears to allege that policy changes in the California Governor's office regarding the granting of clemency constitutes an unconstitutional ex post facto law, a deprivation of a fundamental right in violation of the Fourteenth Amendment's Due Process Clause, and denial of Equal Protection under the Fourteenth Amendment.

### B. Immunity from Suit

"[P]arole board officials are entitled to absolute immunity from suits by prisoners for actions taken while processing parole applications." Sellars v. Procunier, 641 F.2d 1295, 1302 (9th Cir. 1981). Therefore, Plaintiff's claim against defendants John W. Gillis (former Board of Prison Terms Chairman), Ted Rich (former Board of Prison Terms Chairman), Dave Hepburn (former Board of Prison Terms Chairman), James Davis (Board of Prison Terms Chairman), Wanda E. Sims (Appeals Coordinator, Board of Prison Terms) and David McAuley (Chief of Investigations, Board of Prison Terms) are barred and those defendants are entitled to dismissal of this action against them.

### C. Plaintiff's Due Process Claims

Prisoners have no constitutional right to commutation. Connecticut Bd. of Pardons v. Dumschat, 452 U.S. 458, 464-65 (1981). Therefore, Plaintiff fails to state a claim against defendants George Deukmejian (former governor), Pete Wilson (former governor), Gray Davis (former governor), Arnold Schwarzenegger (current governor) for failing to commute his sentence or instituting policies that affect Plaintiff's eligibility for commutation or parole. Plaintiff further fails to state a claim against members of the governor's office, Peter Siggins, Tami Bogert, and N. Dow,

for failing to commute his sentence.

Because Plaintiff has no constitutional entitlement to the commutation of his sentence, there can be no due process violations by defendants in the processing of plaintiff's application for commutation. Therefore, Plaintiff fails to state a claim for against defendants Edward Alemedia (former CDC Director), Jeanne Woodford (former CDC Director), James E. Tilton (CDCR Secretary), John Phillips (District Attorney, Stockton, CA), and Darral G. Adams (Warden, CSP-Corcoran) for failing to provide Plaintiff with hearings before the Board of Prison Terms.

### D.   Plaintiff's Equal Protection Claims

Plaintiff's complaint alleges violations of the Equal Protection Clause of the Fourteenth Amendment. However, Plaintiff's complaint fails to allege how he was denied the equal protection of the law or how he was discriminated against. Further, to establish a violation of the Equal Protection Clause, Plaintiff must present evidence of discriminatory intent. See Washington v. Davis, 426 U.S. 229, 239-40 (1976). Plaintiff's complaint fails to allege discriminatory intent by any defendant.

### E.   Plaintiff's Ex Post Facto Claims

The States are prohibited from enacting an ex post facto law under Article I, Section 10 of the U.S. Constitution. "One function of the Ex Post Facto Clause is to bar enactments which, by retroactive operation, increase the punishment for a crime after its commission." Collins v. Youngblood, 497 U.S. 37, 42 (1990) (citing Beazell v. Ohio, 269 U.S. 167, 169-70 (1925)). "Retroactive changes in laws governing parole of prisoners, in some instances, may be violative of this precept." Id. (citations ommitted). When determining whether an enactment is an unconstitutional ex post facto law, "[t]he controlling inquiry . . . [is] whether retroactive application of the change . . . created 'a sufficient risk of increasing the measure of punishment attached to the covered crimes.'" Id. (citing California Dept. of Corrections v. Morales, 514 U.S. 499, 509 (1995)).

Plaintiff's claim fails because he has failed to show that the law repealing his right to hearings before the Board of Prison Terms increased the measure of punishment attached to his crime. The fact that he no longer appears before the Board of Prison Terms had no effect on his eligibility for parole since he was sentenced for life without possibility for parole. Further, even

assuming that appearing before the Board of Prison Terms would impact his eligibility for a commuted sentence from the Governor's Office, lowering the probability of receiving a commuted sentence does not amount to increasing the measure of punishment attached to his crimes.

### III. Conclusion and Recommendation

Plaintiff's complaint does not state any cognizable claims under section 1983. Plaintiff's claims arise from the fact that California law now longer provides him with hearings before the Board of Prison Terms every three years. The discontinued hearings do not amount to a violation of the Fourteenth Amendment nor does it constitute an ex post facto law. Because the Court finds that these deficiencies are not capable of being cured by amendment, the Court HEREBY RECOMMENDS dismissal of this action, with prejudice, for failure to state a claim. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   November 17, 2008**              /s/  **William M. Wunderlich**
                                     UNITED STATES MAGISTRATE JUDGE